UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL C. BLANCHARD,

    Plaintiff,

v.                                                          Case No.  8:10-cv-1191-T-24 EAJ

DANA ENTERPRISES, INC.,

    Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiff Daniel C. Blanchard's ("Blanchard") motion for partial summary judgment.  (Doc. No. 15).  Defendant Dana Enterprises, Inc. ("Dana Enterprises") has filed a response in opposition.  (Doc. No. 16).

**I.    Background**

This case involves alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, arising out of Blanchard's employment with Dana Enterprises.  Blanchard was employed as a street sweeper for Dana Enterprises from September 2008 to April 2010. Blanchard claims he was paid on a task pay/day rate basis, but was not paid for overtime hours worked at the correct time-and-one-half rate.

On May 24, 2010, Blanchard filed suit against Dana Enterprises, asserting two claims: (1) violation of § 207 of the FLSA by failing to pay him overtime compensation and (2) violation of § 215(a)(3) of the FLSA by terminating his employment in retaliation for his complaints regarding improper overtime compensation.  In the instant motion, Blanchard seeks summary judgment only as to his claim that Dana Enterprises violated the FLSA's overtime provision.

## II.   Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.*

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505 (1986).

## III.   Discussion

Blanchard moves for summary judgment on his claim that Dana Enterprises violated § 207 of the FLSA by failing to pay him overtime compensation. Blanchard seeks relief in the form of unpaid overtime compensation and liquidated damages.

### A.   Overtime Compensation

In order to prevail on a claim for unpaid overtime compensation, Blanchard must prove "(1) the existence of an employment relationship; (2) that he was an employee engaged in commerce or employed by an 'enterprise' engaged in commerce; (3) that [Dana Enterprises]

2

failed to pay overtime compensation required by the FLSA; and (4) he is owed the amount claimed by a just and reasonable inference." *Buckley v. Hoofnagle*, No. 6:07-cv-752-ORL-22 DAB, 2008 WL 4459047, at *3 (M.D. Fla. Oct. 3, 2008) (citing 29 U.S.C. § 207(a)). Upon review of the arguments and evidence submitted in the instant motion and response, the Court finds that there is a genuine issue of material fact as to whether Dana Enterprises failed to pay overtime compensation to Blanchard as required by the FLSA. Accordingly, the Court will address only that issue, because a showing by Dana Enterprises of a genuine issue of material fact on any one of the four elements will defeat Blanchard's motion for summary judgment.

Blanchard claims that he worked in excess of forty hours per week and that Dana Enterprises failed to pay him the correct time-and-one-half rate for his overtime hours worked as required by § 207 of the FLSA.[1] Specifically, Blanchard claims that from March 2009 to April 2010, he worked 619.2 hours of overtime and is owed a total of $2,808.54 for those unpaid hours of overtime. (Doc. No. 15 at 18). In support of this claim, Blanchard submits his own declaration, stating that he relied on the pay stubs and time sheets produced by Dana Enterprises to determine the amount of overtime hours he worked and the amount of unpaid overtime compensation due to him. (Doc. No. 15, Exh. 4 at ¶ 8). Further, Blanchard submits the pay

---

[1]Section 207 provides that:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

stubs and time sheets for his work at Dana Enterprises from March 2009 to April 2010.[2] (Doc. No. 15, Exh. 5-6).

In its response in opposition, Dana Enterprises claims that there is a genuine issue of material fact as to the amount of hours worked by Blanchard, and therefore, Blanchard cannot prevail on his motion for summary judgment. In support of this argument, Dana Enterprises' Corporate Representative, Anthony Esposito, filed a declaration. (Doc. No. 17). Esposito states that he has seen "Blanchard skip properties he was suppose[d] to clean and service while he was on the clock" and that he has "received multiple complaints regarding Mr. Blanchard skipping properties that he was to service." (Doc. No. 17 at ¶ 6). Esposito further states that many of Blanchard's time cards fail to show that he took a meal break. *Id.* at ¶ 7). Dana Enterprises argues that the motion for summary judgment on Blanchard's unpaid overtime compensation claim must fail, because Blanchard relied on his pay stubs and time sheets to determine the amount of overtime hours worked and unpaid overtime compensation due and Blanchard failed to properly and accurately report his hours on those time cards. The Court agrees that a genuine issue of material fact exists.

Upon consideration of the evidence in the light most favorable to Dana Enterprises, the Court finds that there is a genuine issue of material fact as to the amount, if any, of overtime hours worked by Blanchard. Accordingly, the Court denies Blanchard's motion for summary judgment on his claim for unpaid overtime compensation.

---

[2]Although Blanchard worked for Dana Enterprises from September 2008 to April 2010, he asks for summary judgment only on his claim for those unpaid overtime hours worked from March 2009 to April 2010. Blanchard states that because he does not have the time and pay records for September 2008 to February 2009, he would like those remaining weeks to be addressed at trial. (Doc. No. 15, Exh. 1).

### B.     Liquidated Damages

Next, Blanchard argues that he is entitled to liquidated damages under 29 U.S.C. § 216(b) of the FLSA.  However, in order to be entitled to such, he must first show that Dana Enterprises violated the overtime provision of the FLSA.  *See* 29 U.S.C. § 216(b).  As the Court has denied Blanchard summary judgment on his claim that Dana Enterprises violated the FLSA's overtime provision, he has not shown that he is entitled to liquidated damages at this time.  As such, the Court denies his motion for summary judgment on this issue.

### IV.     Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Blanchard's motion for partial summary judgment (Doc. No. 15) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of July, 2011.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

5